IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MEAGAN E. AITCHISON                                                                              PLAINTIFF

4:20-cv-00540-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Meagan E. Aitchison, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is thirty-three years old. (Tr. 41.) She is a high school graduate and attended college. (*Id.*) She has no past relevant work. (Tr. 23.)

The ALJ[1] found Ms. Aitchison had not engaged in substantial gainful activity since July 15, 2016 - the application date. (Tr. 13.) She has "severe" impairments in the form of "migraines; residuals of chemotherapy and radiation for brain tumors; bilateral hearing loss; neurocognitive disorders; attention deficit hyperactivity disorder (ADHD); depressive disorder; adjustment disorder." (*Id.*) The ALJ further found Ms. Aitchison did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Subpart P, Appendix 1.[2] (Tr. 14-15.)

The ALJ determined Ms. Aitchison had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments. (Tr. 15.) Since Ms. Aitchison had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 65-68), the ALJ determined she could perform the jobs of photocopy machine operator, merchandise marker, and shipping and receiving weigher. (Tr. 24.) Accordingly, the ALJ determined Ms. Aitchison was not disabled. (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ failed to develop the record. (Doc. 14 at 7-13.) She says:

> On 02/02/2017, Plaintiff underwent MSCE by Don Ott, Psy.D.; however, no records of mental health treatment were provided to the MSCE for the 02/02/2017 examination. [Tr. 608]. Despite the issue being one of neurocognitive disorder secondary to brain tumor and postoperative radiation/chemo residuals, no neuropsychological testing was authorized. This was the minimal "mental status" examination with no hard testing, no WAIS, WRAT, Becks, MMPI, Millon, Ammons, Bender, Boston, California, Cambridge, Halstead Reitan, ECB, or CANTAB. Mental status is only designed to reach an answer as to whether a patient is delusional or MR/BIF. Most seriously, the mother was not present to provide an accurate history. As is obvious from the hearing transcript, this can affect the accuracy of the history and ADLs. [Tr. 58] There was no history provided regarding the last job being a pity job provided by her foot doctor filing; or the prior job with McDonalds and Logans and Sonic all being basically what the law would define as unsuccessful work attempts, including repeated attempts by supervisors to move the new employee to less skilled or modified work. [Tr. 609 vs. Tr. 60-61]

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

(*Id.* at 8-9.)

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). As the Commissioner points out, "It is the Plaintiff's responsibility to provide specific medical evidence to support her claim. 20 C.F.R. § 416.912; *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)." (Doc. No. 19 at 5.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing light work activities.

Moreover, Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff also argues that the ALJ improperly determined she did not meet the requirements of a listed impairment. (Doc. No. 14 at 13-16.) A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir.

1995).  The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination.  *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).  For a claimant to show that her impairment matches a listing, that impairment must meet all of the specified medical criteria.  *Marciniak*, 49 F.3d at 1353.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.  *Id*.

The ALJ focused on the "B" criteria of the listings.  (Tr. 14.)  In considering her abilities, he concluded Plaintiff had "moderate" limitations in understanding, remembering, or applying information, and concentrating, persisting, or maintaining pace.  *Id*.  He concluded she had "mild" limitations in interacting with others and adapting or managing oneself.  *Id*.  He then concluded, "Because [Ms. Aitchison's] mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria are not satisfied.  (Tr. 14.)  The ALJ also determined the paragraph "C" criteria was not met.  (Tr. 15.)

Plaintiff had the burden of showing her mental impairments resulted in a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior).  Plaintiff has not met this burden.  As the Commissioner correctly states,

> Plaintiff cannot satisfy section C of Listing 12.02 because, as noted, Plaintiff lives in a house with two young children she cares for with some assistance from her parents (Tr. 21, 283, 285). She prepares food for herself and her children, manages her personal care without assistance, and is able to drive and shop in stores (Tr. 285, 287). Plaintiff also receives food stamps that she manages by herself (Tr. 614-615).  By September 2018, she reported that she was operating a sign business

>regularly (Tr. 19, 851). Plaintiff's medical record and testimony plainly reveal that her impairments do not satisfy Listing 12.02.

(Doc. No. 19 at 9-10.)

Additionally - while Plaintiff believes the conclusions of Don Ott, Psy. D. are not properly developed - the Mental Diagnostic Evaluation is consistent with the ALJ's conclusions and provides substantial evidence that Ms. Aitchison did not meet the listing. Accordingly, Plaintiff's argument is without merit.

The ALJ also accurately accounted for the limitations supported by the record and correctly concluded Plaintiff had the residual functional capacity to perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or residual functional capacity assessment. (Doc. No. 19 at 12-14.) Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Ms. Aitchison clearly has limitations and some serious medical and mental health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff clearly suffers from some degree of limitation. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 22nd day of July 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE